UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD LEE GLADE, a disabled adult, by DICK LUNDSKOW,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | No. 10 CV 3942<br>Judge James B. Zagel |

**MEMORANDUM OPINION AND ORDER**

    Plaintiff brings this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674, for injuries arising from a series of alleged sexual assaults by a Department of Veterans Affairs ("VA") therapist. Defendant moves to dismiss, arguing that Plaintiff's claims are barred by the assault and battery provision of the FTCA, failure to comply with Illinois' health professional report requirement for medical malpractice claims, and failure to exhaust all claims at the administrative level. For the following reasons, Defendant's motion to dismiss is granted.

**I. BACKGROUND**

    This case involves disturbing allegations of sexual assault committed by a government-employed therapist against her patient, Plaintiff Ronald Glade. Plaintiff, who served briefly in the military before being honorably discharged for mental health reasons, suffers from several psychological disorders, including depression, psychosis disorder, bipolar disorder and post-traumatic stress disorder. Since 1989 and continuing through 2007, Plaintiff received intensive inpatient and outpatient psychological treatment at the Veterans Administration healthcare facility in North Chicago, Illinois. At some point in late 2007, Plaintiff began seeing therapist

Lisa Story, a VA employee, for counseling services. Shortly thereafter, Ms. Story allegedly represented to Plaintiff that engaging in sexual acts with her was necessary to improve his mental health. Plaintiff relied on these representations and in December 2007 began having sexual relations with Ms. Story.

On June 2, 2009, Plaintiff filed an administrative claim with the Department of Veterans affairs, alleging psychological and emotional injuries suffered from his sexual relationship with Ms. Story. The Department of Veterans Affairs declined to resolve the case and on June 24, 2010, Plaintiff filed a two-count complaint against the United States in this court, alleging sexual assault and negligent supervision. Defendant moved to dismiss, arguing that Plaintiff's claims were barred by 28 U.S.C. § 2680(h), a proviso of the Federal Tort Claims Act that limits the federal government's waiver of sovereign immunity with respect to assault and battery and other intentional torts committed by its employees. I granted Plaintiff leave to amend the complaint to resolve these deficiencies, and on December 30, 2010, he filed the instant three-count complaint.

## II. STANDARD OF REVIEW

Motions to dismiss challenge the sufficiency of a complaint, not its merits. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). For the purpose of ruling on a motion to dismiss, a court must treat all of the facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Caldwell v. City of Elwood*, 959 F.2d 670, 671 (7th Cir. 1992). To survive a motion to dismiss, a plaintiff must allege facts sufficient to state a claim for relief that is facially plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim for relief is plausible if the well-pleaded facts allow a court to "infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not sufficient to state a claim. *Id.* at 1949. Rather, legal conclusions "must be supported by factual allegations" that "plausibly give rise to an entitlement to relief." *Id.* at 1950.[1]

## III. ANALYSIS

### A. FTCA's Assault and Battery Exception

The FTCA permits a tort suit against the United States "where injury to person or property is caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). In passing the FTCA, Congress waived the U.S. government's sovereign immunity to suit for a broad range of the tortious conduct of its employees. However, 28 U.S.C. § 2680(h) preserves the U.S. government's sovereign immunity from suits "arising out of" most intentional torts, including assault, battery and deceit. 28 U.S.C. § 2680(h).

In his effort to hold Defendant liable for Ms. Story's intentionally tortious conduct, Plaintiff tries to circumvent § 2680(h)'s "arising out of" limitation by couching his claims in the lexicon of negligence actions. Count I seeks to hold Defendant liable under a theory of *respondeat superior*. This claim is clearly barred–"there is no *respondeat superior liability* under the FTCA for garden-variety intentional torts." *LM v. United States*, 344 F.3d 695, 700 (7th Cir. 2003). Count II seeks to hold Defendant liable under a negligent supervision theory. This is also barred. As with *respondeat superior,* the Seventh Circuit has treated negligent

---

[1]Defendant's point that Fed.R.Civ.P. 12(b)(1) is better suited for motions to dismiss based on exceptions to the FTCA is well taken, but I will proceed under a 12(b)(6) analysis in line with the Seventh Circuit's suggested approach. *See Palay v. U.S.*, 349 F.3d 418, 424 (7th Cir. 2003).

hiring, retention, and supervision claims as "arising out of" the intentional tort and therefore falling within the exception to the waiver of immunity created by § 2680(h). *Id*. at 700.

Count III, alleging a breach of duty based on a special relationship, has more traction. It is a basic principle of tort law that a special relationship, such as custodianship, can create duties to protect from foreseeable third-party harm. Restatement (Second) of Torts § 315(b) (1965). Illinois courts generally recognize duties created by special relationships. *See Zimring v. Wendrow*, 137 Ill.App.3d 847, 852 (2 Dist., 1985).[2] Courts have incorporated the special relationship principle into their interpretation of the FTCA by drawing "a distinction between cases involving harms that result from a breach of a duty that the government assumed prior to the actual [intentional tort], *which are actionable under the FTCA*, and cases...in which the alleged duty of the government to the victim arises only at the time of the assault and because of the assault." *LM*, 344 F.3d at 699 (emphasis added) (internal quotations omitted). In these "special relationship" cases, the employment status of the tortfeasor is irrelevant; the U.S. government is exposed to liability not as employer, but as the holder of an "independent, antecedent" duty with the plaintiff. *Leleux v. United States*, 178 F.3d 750, 757 (5th Cir. 1999); *Sheridan v. United States*, 487 U.S. 392 (1988).

Plaintiff has stated a plausible claim for relief under the special relationship theory by alleging 1) that his long-term care on both an inpatient and outpatient basis created a custodian-ward special relationship between Defendant and Plaintiff; and 2) his injuries were reasonably foreseeable to Defendant. While Count III must be dismissed on other grounds, it is worthwhile

---

[2] The FTCA's choice of law provision requires courts to apply the "law of the place where the act or omission occured." 28 U.S.C. § 1346(b)(1).

to note that Defendant construes the "arising out of" provision too broadly in its filings. Under Defendant's interpretation of § 2680(h), the important distinction described in *LM v. United States* would be abrogated.[3] 344 F.3d 695.

### B. Illinois' Health Professional Report Requirement

Defendant's argue that even if Plaintiff has stated a plausible claim for relief in Count III, his claim is barred because he failed to comply with Illinois' health professional report requirement for medical malpractice claims. Illinois law requires a plaintiff alleging medical malpractice to submit an attorney affidavit with the complaint attesting that counsel has consulted with a qualified health professional who believes that there is a reasonable and meritorious cause filing an action. 735 ILCS 5/2-622. Although Plaintiff did in fact submit a physician affidavit, Defendant argues that it is insufficient because it does not address the operative facts of Count III. I am unpersuaded by Defendant's argument because Count III is not a medical malpractice claim.

Malpractice claims arise when a professional applies his or her expert knowledge and skill in an unreasonably deficient way and thereby causes injury. That is not the situation here.

---

[3]The government's overly broad interpretation of "arising out of" appears to be based upon a mistaken reading of *Sheridan v. United States*, 487 U.S. 392, 401. *Sheridan*'s holding that an FTCA action based on an assault is not precluded by 28 U.S.C. § 2680(h) if the plaintiff's theory of liability against the United States is "entirely independent of [the tortfeasor's] employment status", does not mean, as Defendant suggests, that the United States is automatically shielded from FTCA liability when an employee commits an intentional tort within the scope of his or her federal employment. *Sheridan*'s "entirely independent" language means the claim against the United States must exist *regardless* of the tortfeasor's employment status. In other words, the United States is equally on the hook whether the tortfeasor is an employee or just some random person off of the street. The government's reading would lead to the bizarre outcome where the United States could be held liable only for the intentional torts of its employees committed outside the scope of their employment–an obvious inversion of basic liability principles.

The alleged breach of Defendant's duty to protect Plaintiff from third-party harm does not arise from an unreasonable application of professional knowledge or skill, but from the failure to prevent foreseeable harm while in a special relationship with Plaintiff. Just because Count III is a negligence claim against a hospital does not make it a medical malpractice claim. Plaintiff could bring the exact same claim if he was a prisoner suing the Bureau of Prisons for a series of sexual assaults committed by one of its guards. To view it a slightly different way, it would make no sense to apply the "similar locality" rule in determining whether Defendant acted unreasonably in failing to protect Plaintiff from the alleged sexual assaults. The only relevant questions are 1) whether a special relationship existed; and 2) whether the harm was reasonably foreseeable. This determination is subject to a general reasonableness standard and thus does not implicate section 2-622's interest in screening out frivolous suits by first requiring an expert to attest to the meritoriousness of a complex medical claim.

    **C. Failure to Exhaust**

Finally, Defendant claims that Count III must be dismissed because Plaintiff failed to exhaust the claim at the administrative level. I agree. 28 U.S.C. § 2675(a) requires FTCA plaintiffs to exhaust their claims at the administrative level before filing suit. A claim is exhausted at the administrative level when the "pertinent facts" of the claim have been pled, giving the administrative agency "sufficient notice" to investigate the claim, and the agency either denies the claim in writing or fails to make a final disposition within six months after its filing. *Palay*, 349 F.3d at 425-26; 28 U.S.C. § 2675(a).

Plaintiff presented the facts of his claim to the VA through an attachment to a letter written by his attorney. The attachment describes the alleged sexual assaults committed by Ms.

Story and states that "due to the nature of the assault, there are no known witnesses to the assault other than Lisa Story and [Plaintiff]." The attachment also states that in April 2008, Plaintiff told his psychologist of ten years, Dr. Lutz, about his sexual relationship with Ms. Story, and that Dr. Lutz "immediately reported these assaults to other authorities within the Veterans Administration." It goes on to state, "Based on information and belief, an investigation was undertaken by agents or employees of the Veterans Administration which resulted in verification of the assaults and confession [sic] by Lisa Story to the sexual assault on multiple occasions of Ron Glade."

Nowhere in his claim does Plaintiff plead facts to suggest that he sought to hold Defendant liable for injuries stemming from the sexual assaults. Nor are any facts plead to suggest a special relationship existed between Plaintiff and Defendant such that Defendant owed Plaintiff a duty to protect him from Ms. Story. The only facts Plaintiff pleads concerning VA employees other than Ms. Story paint a picture of entirely reasonable conduct–once Plaintiff's allegations came to light, Dr. Lutz immediately reported it and an investigation was launched. Although a "legally sophisticated reader" may have understood that Plaintiff could *potentially* bring claims against Defendant, there are no facts to suggest to such a reader that Plaintiff actually intended to bring such claims. *Palay*, 349 F.3d at 426. Defendant therefore had insufficient notice at the administrative stage to investigate a special relationship claim, rendering Count III unexhausted.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted.

ENTER:

*James B. Zagel*
_____
James B. Zagel
United States District Judge

DATE: December 22, 2011